NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA CRUZ-LOPEZ, | No.   19-72907 |
| Petitioner, | Agency No. A205-600-556 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022**

Before:   SILVERMAN, CLIFTON, HURWITZ, Circuit Judges.

Patricia Cruz-Lopez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to remand

and dismissing her appeal from an immigration judge's ("IJ") decision denying her

motion for a continuance and application for cancellation of removal.  Our

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

There was no abuse of discretion in the denial of Cruz-Lopez's request for a continuance where she did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to be considered in determining whether the denial of a continuance constitutes an abuse of discretion). We lack jurisdiction to consider Cruz-Lopez's contentions that the IJ was biased, ignored or misstated evidence, failed to formally rule on the motion, or otherwise erred in her analysis because Cruz-Lopez failed to raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). To the extent Cruz-Lopez contends the BIA engaged in improper fact-finding, misstated the evidence, or otherwise erred in its analysis of her claims, her contentions fail as unsupported by the record.

We lack jurisdiction to review the agency's discretionary determination that Cruz-Lopez did not show exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). The petition does not raise a colorable legal or constitutional claim over which we

19-72907

retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas*, 424 F.3d at 930.

The BIA did not abuse its discretion in denying Cruz-Lopez's motion to remand where her challenge to the immigration court's jurisdiction is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019), because she received a notice of hearing that included the time and date of the hearing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**